# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTWON RANIER a/k/a SEAN MITCHELL a/k/a SEAN RANIER, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:19-cv-02514-TLP-tmp |
| v. | ) ) | |
| CRIMINAL JUSTICE CENTER, C. MOWERY, and R. TWILLEY, | ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Antwon Rainer, a/k/a Sean Mitchell a/k/a Sean Rainer[1] sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (ECF Nos. 1–2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 4.) The Court orders the Clerk to record Defendants as the CJC, Prosecutor C. Mowery, and Memphis Police Detective R. Twilley.

## BACKGROUND

Plaintiff alleges, in full:

They violated [sic] my Amendment IV, Amendment V, Amendment VI, and my Amendment VIII, also my due process right of the law.

---

[1] When he sued, Plaintiff was a pretrial detainee at the Shelby County Criminal Justice Center ("CJC") in Memphis, Tennessee.

(ECF No. 1 at PageID 2.) In his demand for relief, Plaintiff does not specify what he wants and instead lists the following: "My pain and suffering, lost wages, depressing, stress, defamation of chara[c]ter[.]" (*Id.* at PageID 3.)

In a letter sent to the Court, Plaintiff explains that he went to trial in state court on charges of rape and kidnapping even though he alleges there is no evidence that he committed those crimes. (ECF No. 6 at PageID 16.) The trial ended in a hung jury. (*Id.*) He insists he will not face trial again because the evidence is insufficient, and he asks the Court to obtain the transcript from his preliminary hearing and the trial transcript "to see for Itsself [sic]." (*Id.* at PageID 16–17.)

Plaintiff sent a second letter in which he details more proceedings in his criminal case. (ECF No. 7.) He asserts that his rights under the Thirteenth Amendment have been violated by delays in his retrial, complications with the parole board, and his continued confinement. (*Id.* at PageID 34–35.)

## **LEGAL STANDARDS**

### I. Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. And Federal Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will accord slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

### I. Plaintiff's Allegations Fail to State a Claim Against Any Defendant

Plaintiff's allegations are inadequate to state a claim against any Defendant. He asserts in the broadest of terms that "[t]hey violated" various constitutional amendments and his right to due process. He provides no factual description for any claim or allege what any Defendant has done to violate his rights. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### II. This Court May Not Intervene in Plaintiff's State Court Proceedings

In his letters to the Court, Plaintiff details issues he has with his ongoing state court criminal proceedings. (*See* ECF Nos. 6–7.) He asks the Court to obtain transcripts from those proceedings and to intervene in some way. Even if the Court were to consider these letters as part of his complaint, it may not intervene in the state proceedings.

Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against

enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language . . . ." *Andreano v. City of Westlake*, 136 F. App'x 865, 879–80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Plaintiff does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

Nor may Plaintiff use this lawsuit to contest the validity of his continued confinement. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that (state court) action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Plaintiff appears to seek to challenge his confinement and prosecution but does not allege that either has ended or been invalidated. His § 1983 claims are therefore premature, and his complaint must be dismissed.

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944,

5

951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Because Plaintiff cannot cure the deficiencies in his complaint, this Court holds that leave to amend is not warranted here.

## APPELLATE ISSUES

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff here would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. The Court therefore **CERTIFIES** under 28 U.S.C. § 1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith.

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore*. That is, he should file an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And leave to amend is **DENIED**. The Court also **CERTIFIES** that any appeal here would not be taken in good faith.

**SO ORDERED**, this 14th day of November, 2019.

                                                 s/ Thomas L. Parker
                                                 THOMAS L. PARKER
                                                 UNITED STATES DISTRICT JUDGE